■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BARNES, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted of the rape, sodomy and murder of 16-year-old Kimberly Simon. On September 19, 1985, the victim's body was found in a secluded area near a gravel pit off Mohawk Street in the Village of Whitesboro. Witnesses placed both the victim and the defendant on Mohawk Street at approximately 6:00 P.M. on September 18, 1985. Defendant was identified near his pickup truck, which was parked adjacent to Mohawk Street. The victim, who was seen walking

along Mohawk Street, was also seen in a pickup truck which was about to enter Mohawk Street. Laboratory analyses revealed that hairs found in defendant's truck were similar to those of the victim, soil samples from defendant's truck were similar to those taken from the place where the body was found, and an imprint in dirt, lifted from the fender of defendant's truck, was consistent with the fabric of the jeans worn by the victim at the time of her death. Additionally, defendant made an admission of guilt to one Robert Stolo, an inmate at the Oneida County Jail.

The court did not abuse its discretion in allowing the admission into evidence of four photographs of the deceased. The photographs tended to prove material facts and illustrated relevant evidence (see, People v Pobliner, 32 NY2d 356, 369, cert denied 416 US 905). It cannot be said that the sole purpose of the photographs was to "arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, supra, at 370).

We also find that the dual photo array identification procedure was not unduly suggestive. While defendant's photograph was the only one included in both arrays, the passage of 2½ years between the two arrays negates any possibility of suggestiveness (see, People v Chamberlain, 96 AD2d 959, 960). Moreover, the witness demonstrated an independent basis for the in-court identification of defendant (see, Manson v Brathwaite, 432 US 98, 114; Neil v Biggers, 409 US 188, 199-200).

The court did not err in declining to instruct the jury to apply the more rigorous circumstantial evidence standard. Such an instruction is necessary only when the People's case is based entirely on circumstantial evidence (see, People v Silva, 69 NY2d 858, 859; People v Barnes, 50 NY2d 375, 379-380). Here, the inmate Stolo testified that during a conversation in which defendant, Stolo and another inmate were discussing "some girls", defendant said "You mean the one I killed" and then said "I mean the one I am accused of killing." Defendant's statement could be interpreted by the trier of fact as "a relevant admission of guilt" (People v Rumble, 45 NY2d 879, 880) and, as such, it constitutes direct evidence (see, People v Emery, 159 AD2d 992).

Finally, we conclude that the verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490).

All concur, except Lawton, J., who dissents in part and votes to modify the judgment, in the following memorandum.

Lawton, J. (dissenting). I dissent in part for the reasons stated in my dissent in *People v Grimes* (162 AD2d 1031, 1032 [decided herewith]). (Appeal from judgment of Oneida County Court, Buckley, J.—murder, second degree.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.