■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOFFSTETTER, Appellant. [685 NYS2d 496] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Following a jury trial, defendant was convicted of assault in the third degree (Penal Law § 120.00 [1]), two counts of criminal mischief in the fourth degree (Penal Law § 145.00 [1]), and one count of resisting arrest (Penal Law § 205.30). During the preliminary examination of prospective jurors by Supreme Court (*see,* CPL 270.15 [1] [b]), a juror identified himself as a member of the Buffalo Police Department and acknowledged that he knew some of the prospective witnesses. Defendant challenged that juror for cause based upon his status as a police officer and his familiarity with officers on the prosecutor's witness list (*see,* CPL 270.20 [1] [c]). Supreme Court denied defendant's challenge for cause. Defense counsel exhausted his peremptory challenges before the completion of jury selection, and thus the issue whether denial of his challenge for cause constitutes error has been preserved for our review (*see,* CPL 270.20 [2]; *People v Torpey,* 63 NY2d 361, 365, *rearg denied* 64 NY2d 885; *People v Blyden,* 55 NY2d 73, 76).

The court erred in denying defendant's challenge for cause. One of the charges against defendant was resisting arrest. The evidence in support of that charge would be based upon testimony from the police officers. Furthermore, defendant alleged police brutality against the juror's fellow officers. The prospective juror's employment as a police officer by the City of Buffalo Police Department, together with that juror's professional relationship with several police officers who were testifying as prosecution witnesses, was "likely to preclude [the juror] from rendering an impartial verdict" (CPL 270.20 [1] [c]; *see, People v Branch,* 46 NY2d 645, 651-652).

At trial, defendant raised an issue regarding the voluntariness of his statement to the police. The court erred in failing to submit that issue to the jury (*see,* CPL 710.70 [3]; *People v Cefaro,* 23 NY2d 283, 286; *People v Luis,* 189 AD2d 657, 658-659; *People v Murray,* 130 AD2d 773, 774-775, *lv denied* 70 NY2d 753, 958).

There is no merit to defendant's remaining contentions that the conviction of assault in the third degree is not supported

by legally sufficient proof that the complainant suffered "physical injury" within the meaning of Penal Law § 10.00 (9) and that the conviction of resisting arrest is not supported by proof beyond a reasonable doubt of an authorized arrest. (Appeal from Judgment of Supreme Court, Erie County, Sheridan, J.—Assault, 3rd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.