*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    104576
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

HAROLD L. PETKE,
                        Appellant.
_____

Calendar Date:   January 14, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

_____

    Richard V. Manning, Parishville, for appellant.

    Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

McCarthy, J.

    Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered September 2, 2011, upon a verdict
convicting defendant of the crimes of promoting a sexual
performance by a child (seven counts), possessing a sexual
performance by a child (six counts) and obscenity in the third
degree (four counts).

    After a police officer downloaded a picture and videos of
sexual conduct involving children from defendant's computer over
an online network, the police seized his computer and found other
videos containing similar images, and some involving bestiality.
Defendant was charged in a 19-count indictment and, after trial,
was convicted of 17 counts: seven counts of promoting a sexual
performance by a child, six counts of possessing a sexual

performance by a child and four counts of obscenity in the third degree.[1]  County Court sentenced him to 2 to 6 years on each of the promoting convictions, to be served concurrently.  On each of the possession convictions, he was sentenced to 1 to 4 years, to be served concurrently to one another but consecutively to the sentences on the promoting convictions.  On each of the obscenity convictions, he was sentenced to one year, to be served concurrently to the other convictions.  Defendant appeals.

Defendant's convictions were supported by legally sufficient evidence.  "A person is guilty of promoting a sexual performance by a child when, knowing the character and content thereof, he [or she] produces, directs or promotes any performance which includes sexual conduct by a child less than seventeen years of age" (Penal Law § 263.15).  The word "promote" is statutorily defined to mean "procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same" (Penal Law § 263.00 [5]).  The possession counts required proof that defendant knowingly had such a performance in his possession or control, but the child must be less than 16 years old (see Penal Law § 263.16).  The obscenity counts required proof that he possessed obscene material (here, videos of humans having sex with animals), knowing its content and character and with intent to promote it (see Penal Law § 235.05 [1]; see also Penal Law § 235.00 [1], [4]).

Defendant asserts that the People failed to prove that he downloaded any of the images, knew of the content of the files on the computer, or "promote[d]" any of the images.  A police officer testified that he downloaded three images from a certain IP address on the Internet.  The Internet service provider's employee testified and presented documents showing that the IP address was assigned to the computer in defendant's home.  The police officer then executed a search warrant, seized the computer and discovered other images thereon.  Defendant's wife

---

[1]  County Court dismissed two counts due to lack of proof of the age of the individuals involved in the performance.

testified that only she and defendant lived in the home, defendant sometimes used the computer, she never downloaded any pornographic images involving children, and she once downloaded and watched part of a bestiality video at defendant's request and with him present. Aside from that one video, she testified that she had never seen any of the indicted images or videos. The jury viewed all of the videos and images and heard from a police expert in computer forensics who explained how file-sharing programs work, including how users download and store images. The file names of most of the indicted images were explicit and indicated that they contained children or animals involved in sexual acts. This evidence was legally sufficient to support the convictions.

Despite proof that called some of the People's evidence into question, the convictions were not against the weight of the evidence. Defendant's wife testified that defendant did not understand how to use the computer and could not read or write, and she had never seen him search for or download any child pornography. Defendant's boss also testified that defendant could not read and had difficulty using computers. This raised a question as to whether he could have downloaded the images. The jury could have disbelieved portions of the wife's testimony, however, because of her desire to protect her husband. Additionally, there was proof that defendant could do basic or repetitive work on the computer, he could type phonetically, and some of the file names included misspelled or phonetically spelled words. Defendant contends that his computer forensics expert was more qualified than the People's witnesses, and that the testimony of his expert proved that no one viewed the downloaded images — calling into question defendant's knowledge of their character and content — and that all of the images were stored in a private folder rather than a shared folder so they were not available to be downloaded by anyone else — calling into question defendant's promotion of those images. "As we discern no 'serious flaw' in the opinion offered by the People's expert," however, we cannot conclude that the jury erred in crediting that testimony (People v Hadfield, 119 AD3d 1217, 1223 [2014]). It was reasonable for the jury to reject testimony from defendant's expert, considering the conflicting testimony and that defendant's expert was terminated from his law enforcement

employment following a felony conviction, and was on felony probation at the time of his testimony. Giving deference to the jury's credibility determinations, the verdict was not against the weight of the evidence (see People v Anderson, 118 AD3d 1138, 1142 [2014]; People v Tucker, 95 AD3d 1437, 1440 [2012], lv denied 19 NY3d 1105 [2012]).

Nevertheless, defendant is entitled to a new trial because County Court erred by failing to excuse a particular juror for cause. The People concede, and we agree, that juror No. 134 should have been excused for cause. County Court's erroneous ruling denying defendant's challenge for cause constitutes reversible error here — not subject to harmless error analysis — because he was forced to use a peremptory challenge on that juror and exhausted his peremptory challenges before the completion of jury selection (see CPL 270.20 [2]; People v Greenfield, 112 AD3d 1226, 1230 [2013], lv denied 23 NY3d 1037 [2014]; People v McGuire, 101 AD3d 1386, 1388 [2012]). While the People raise a novel and intriguing argument that a harmless error analysis should be applied due to the unique circumstances that occurred in this case,[2] we find no basis in the law to create such an exception. Accordingly, we reverse and remit for a new trial.

Defendant's remaining arguments are rendered academic by our remittal for a new trial.

Peters, P.J., Garry and Rose, JJ., concur.

---

[2] Only one additional juror was selected after defendant exhausted his peremptory challenges. That juror, however, was released from the jury due to a medical situation that arose during the trial, and he did not participate in deliberations. Defendant was given additional peremptory challenges when selecting alternate jurors (see CPL 270.25 [2] [c]), and chose not to exercise one on the alternate juror who eventually replaced the ill juror. Thus, all of the individuals who participated in deliberations were selected while defendant had the opportunity to exercise a peremptory challenge.

ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial.

ENTER:

Robert D. Mayberger
Clerk of the Court