*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 23, 2015                    105586
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

JAHTEEK STANFORD,
                        Appellant.
_____


Calendar Date:   June 4, 2015

Before:  Garry, J.P., Rose, Devine and Clark, JJ.

                        _____


        Matthew C. Hug, Troy, for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered October 18, 2012 in Albany County, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted murder in the second degree and assault in the first degree.

        Following a jury trial, defendant was convicted of murder in the second degree, attempted murder in the second degree and assault in the first degree.  The charges stemmed from a February 2011 incident at a social club in the City of Albany during which one victim was fatally stabbed in the neck and a second was stabbed in the head.  Defendant was sentenced to 25 years to life in prison as to the murder in the second degree conviction, and to prison terms of 25 years, followed by five years of

postrelease supervision, as to each conviction of attempted murder in the second degree and assault in the first degree. Supreme Court directed that the sentences as to the convictions for murder in the second degree and attempted murder in the second degree run consecutively, and that the sentence as to the conviction for assault in the first degree run concurrently with the two other sentences. Defendant now appeals.

We affirm. Defendant argues that the jury's verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Turning first to the conviction of murder in the second degree, a defendant is guilty of this crime when, as is relevant here, he or she causes the death of a person after having acted with intent to cause that person's death (see Penal Law § 125.25 [1]). According to the testimony at trial, the stabbings occurred during a birthday party in honor of a female member of the club. Defendant went to the club that night with several individuals who had not been invited to the birthday party, but nonetheless gained admittance. At some point during the evening, a verbal dispute occurred between members of defendant's group and several of the invited guests, among them Robert Smalls. At least one witness indicated that defendant and Smalls were the primary antagonists during this heated verbal exchange, and that the two had to be separated before a physical fight began. While this proof of a potential motive does not establish an element of the crime, it "cannot be ignored in examining the evidence in the light most favorable to the prosecution" (People v Marin, 65 NY2d 741, 745 [1985]; see People v Cushner, 46 AD3d 1121, 1124 [2007], lv denied 10 NY3d 809 [2008]).

Surveillance footage of the subsequent physical fight reveals that one of defendant's associates was surrounded by hostile partygoers, including Smalls, when it began. Defendant did not have a weapon when he first arrived at the club but, as the melee broke out, he can be seen exiting the club, reentering, and walking toward his compatriot in what he admitted was an attempt to help. By that point in time, the compatriot had separated himself from the large group and retreated to the foyer of the club, where he was followed by Smalls. Defendant then came up behind Smalls, who turned around and faced defendant.

While the surveillance footage did not directly capture any blows being exchanged, Smalls quickly backed away from the foyer and was soon seen clutching his neck with his left hand. Defendant can thereafter be seen moving in the direction of the second victim, Ahmeen Lanier, and stabbing him in the head with a vicious overhand motion. There is no question that the stabbings left Smalls dead and Lanier severely injured.

Viewing the foregoing evidence in the light most favorable to the People, and noting that "the intent to kill may be inferred from the surrounding circumstances and a defendant's actions," we find that the evidence was legally sufficient to support the second-degree murder conviction (People v Hamilton, 127 AD3d 1243, 1245 [2015], lv denied ___ NY3d ___ [June 30, 2015]). The attempted murder and assault convictions are similarly supported by legally sufficient evidence, notably, the videographic evidence showing defendant rising to his feet, walking several yards and deliberately stabbing Lanier in the head (see People v Salce, 124 AD3d 923, 924-925 [2015]). Defendant contended that he did not stab Smalls, and advanced a justification defense with regard to his stabbing of Lanier. The jury was free to credit the above evidence despite the presence of proof that could support a different result and, upon our independent review of the evidence, we cannot say that its verdict is against the weight of the evidence (see People v Vanderhorst, 117 AD3d 1197, 1198-1200 [2014], lv denied 24 NY3d 1089 [2014]; People v Fisher, 89 AD3d 1135, 1138 [2011], lv denied 18 NY3d 883 [2012]).

We reject defendant's claim that Supreme Court committed reversible error in denying his challenge for cause as to a prospective juror who had prior dealings with one of the People's witnesses. A challenge for cause as to a prospective juror is properly raised if he or she has a "relationship [with a potential witness] of such [a] nature that it is likely to preclude him [or her] from rendering an impartial verdict" (CPL 270.20 [1] [c]). The existence of such an implied bias requires automatic exclusion even if, as here, "the prospective juror declares that the relationship will not affect [his or] her ability to be fair and impartial" (People v Furey, 18 NY3d 284, 287 [2011]; see People v Branch, 46 NY2d 645, 651 [1979]). "In

determining whether a relationship is so close as to require
disqualification, a court should consider factors 'such as the
frequency, recency or currency of the contact, whether it was
direct contact, . . . [and] the nature of the relationship as
personal and/or professional'" (People v Hamilton, 127 AD3d at
1246-1247, quoting People v Greenfield, 112 AD3d 1226, 1228-1229
[2013], lv denied 23 NY3d 1037 [2014]; see People v Furey, 18
NY3d at 287).  Here, the prospective juror stated that she knew
Michael Dailey, a physician who provided peripheral testimony at
trial regarding the abortive efforts to treat Smalls after the
fatal attack, as her husband had been treated by Dailey and she
had previously cared for certain of his patients in her role as a
nursing aide.  Under these circumstances, and stressing that the
prospective juror unequivocally stated that she could be fair and
impartial in assessing Dailey's testimony, we do not find that
her preexisting ties to Dailey rendered her unqualified to serve
(see People v Molano, 70 AD3d 1172, 1174 [2010], lv denied 15
NY3d 776 [2010]; see also People v Clark, 132 AD2d 704, 705
[1987]).

     Defendant's various claims of prosecutorial misconduct
during the People's summation were not properly preserved for
appellate review by specific objections at trial (see People v
Simmons, 111 AD3d 975, 980 [2013], lv denied 22 NY3d 1203
[2014]).  We decline to, as defendant urges, take corrective
action in the interest of justice.  Insofar as defendant argues
that the prosecutor improperly mocked defendant's account of
having discovered the knife on the floor after Smalls was
stabbed, we find that the prosecutor's remarks in this regard
"constituted fair comment on" a central issue in the case (People
v Fomby, 101 AD3d 1355, 1357 [2012]).  Moreover, although the
prosecutor did engage in rhetoric concerning the credibility of a
witness whose testimony as to the physical interactions between
Smalls and defendant was contradicted by the surveillance
footage, the prosecutor neither provided his own personal opinion
of this witness' truthfulness (compare People v Forbes, 111 AD3d
1154, 1158 [2013]) nor demanded that the jurors deem this witness
credible in light of her cooperation with the People in
prosecuting defendant (compare People v Casanova, 119 AD3d 976,
978-979 [2014]).
     We reject defendant's claim that he received ineffective

assistance of counsel because his trial attorney failed to object to the purportedly improper remarks made by the prosecutor during summation; for the reasons set forth above, those comments were not improper. Accordingly, the failure of defense counsel "to object [to those remarks] did not amount to the ineffective assistance of counsel" (People v Thomas, 105 AD3d 1068, 1071-1072 [2013], lv denied 21 NY3d 1010 [2013]). Defendant argues in his pro se brief that his trial counsel should not have advised him to take the stand and testify consistently with the theory that the stabbing of Lanier was justified. Given the strength of the evidence supporting the conclusion that defendant stabbed Lanier while Lanier was in a defenseless position, we cannot say that counsel would have lacked a legitimate strategic reason for advising defendant to testify in accordance with a justification theory (see People v McCray, 102 AD3d 1000, 1008-1009 [2013], affd 23 NY3d 193 [2014]).

Finally, we do not agree that the sentence imposed by Supreme Court was either harsh or excessive. Given the brutal nature of defendant's acts and his refusal to accept responsibility for them, we perceive no abuse of discretion or extraordinary circumstances that would warrant a modification of the sentence (see People v Thomas, 105 AD3d at 1072; People v Snyder, 91 AD3d 1206, 1215 [2012], lv denied 19 NY3d 968 [2012], cert denied ___ US ___, 133 S Ct 791 [2012]).

Garry, J.P., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court