## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: February 23, 2017   520812
                   521635

_____

In the Matter of ZOEY O. and
  Others, Alleged to be
  Permanently Neglected
  Children.

BROOME COUNTY DEPARTMENT OF     MEMORANDUM AND ORDER
  SOCIAL SERVICES,
       Respondent;

VERONICA O.,
       Appellant.
_____

Calendar Date: January 18, 2017

Before: McCarthy, J.P., Garry, Lynch, Devine and Mulvey, JJ.

_____

   Joan E. Mencel, Endwell, for appellant.

   Thomas P. Coulson, Broome County Department of Social Services, Binghamton, for respondent.

   Michael J. Sullivan, Vestal, attorney for the children.

_____

Devine, J.

   Appeals from two orders of the Family Court of Broome County (Pines, J.), entered March 2, 2015 and August 7, 2015, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject children to be permanently neglected, and terminated respondent's parental rights.

Respondent is the mother of Haveen P. (born in 2006), Amira O. (born in 2007) and Zoey O. (born in 2009), all of whom were removed from her care in January 2011 after one of her other children died under suspicious circumstances. Family Court adjudicated the three children to have been neglected in August 2011, and they were in the supervised custody of their maternal grandmother until July 2012, when custody was surrendered to petitioner. Respondent was incarcerated on pending charges related to the child's death from September 2011 onward and, in February 2012, she gave birth to Omari O. Omari was found to have been derivatively neglected by respondent and placed in the care of petitioner and, for a period of time, the four children lived together in a foster placement.

Respondent was convicted of crimes that included murder in the second degree and manslaughter in the first degree and, in February 2013, she was sentenced to an aggregate prison term of 25 years to life to be followed by postrelease supervision. Petitioner filed the present petition in September 2013, alleging that respondent had permanently neglected the four children by, among other things, failing to plan for their future. Family Court conducted a fact-finding hearing and determined that respondent had, indeed, permanently neglected the children. Following a dispositional hearing, Family Court terminated her parental rights with the expectation that the three eldest children would be placed for adoption and that Omari would remain in the custody of a fit and willing relative. Respondent now appeals from both the fact-finding and dispositional orders.[1]

---

[1] Inasmuch as the fact-finding order in this permanent neglect proceeding is nondispositional, the appeal from it must be dismissed (see Family Ct Act § 1112 [a]; Matter of Jah'Meir G. [Eshale G.], 112 AD3d 1014, 1015 [2013], lv denied 22 NY3d 863 [2014]). We nevertheless address "issues from the fact-finding phase of the proceeding . . . [in] our review of the dispositional order" (Matter of Jah'Meir G. [Eshale G.], 112 AD3d at 1015; see CPLR 5501 [a] [1]; Matter of Adele T. [Kassandra T.], 143 AD3d 1202, 1203 [2016]).

Petitioner met its threshold burden of coming forward with clear and convincing evidence – in particular, testimony of the caseworker who handled respondent's case that Family Court implicitly found credible – that it made "diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; accord Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]).  Haveen, Amira and Zoey were placed in the custody of the maternal grandmother following their removal and, despite the fact that respondent was only in the area intermittently and refused to tell the caseworker where she was living, a plan was formulated that aimed at returning those children to respondent.  Respondent was expected to engage in services that included parenting classes, domestic violence training and counseling, while the caseworker monitored the progress of the children with their grandmother and arranged for child counseling as needed.  Respondent was also free to engage in supervised visitation with the three children, although visits were sometimes prevented by respodent's failure to seek the caseworker's approval for them in a timely manner.

The efforts to strengthen the parental relationship continued, albeit in a more restrained fashion, after respondent was incarcerated in September 2011.  The grandmother, who had custody of the three eldest children until she surrendered such to petitioner in June 2012, was responsible for coordinating visitation between respondent and the three eldest children.  The caseworker's understanding was that respondent did not want this visitation to occur and, when respondent did request visitation after the children entered into petitioner's custody, difficulties in adjusting to their new foster placement made visitation inadvisable.  The caseworker did arrange for visits between respondent and Omari, who was placed in foster care after his birth, and encouraged respondent to engage in the services available at prison.  In light of the foregoing, while all visitation ceased after respondent was convicted of murder in the second degree (see Family Ct Act § 1085 [1]), Family Court did not err in finding that petitioner made "diligent efforts to encourage and strengthen [respondent's] relationship with the subject child[ren]" (Matter of Landon U. [Amanda U.], 132 AD3d 1081, 1084 [2015]; see Matter of Jazmyne II. [Frank MM.], 144

AD3d 1459, 1460 [2016]; Matter of Marquise JJ. [Jamie KK.], 91 AD3d 1137, 1138-1139 [2012], lv denied 19 NY3d 801 [2012]).

Petitioner also demonstrated that respondent had not "develop[ed] a realistic plan for the children's future" as required (Matter of Johanna M. [John L.], 103 AD3d 949, 950 [2013], lv denied 21 NY3d 855 [2013]; see Social Services Law § 384-b [7]; Matter of Jazmyne II [Frank MM.], 144 AD3d at 1460). Respondent was less than communicative with the caseworker as to the services she was engaged in and, indeed, the caseworker remained unsure of what services respondent completed at the time of the fact-finding hearing. Respondent was facing a substantial term of imprisonment, in any event, and she failed to provide contact information for individuals she believed could care for the children or otherwise encourage those individuals to take action toward that end. The record, as a result, supports the finding of permanent neglect (see Matter of Jayden XX. [John XX.], 127 AD3d 1286, 1286-1287 [2015]; Matter of Hannah T. [Joshua U.], 95 AD3d 1609, 1610-1611 [2012], lv denied 19 NY3d 813 [2012]).

Remittal is, however, required for a new dispositional hearing. Upon appeal from respondent's criminal conviction, this Court modified the judgment of conviction by reversing her murder and manslaughter convictions and dismissing the underlying counts of the indictment. Respondent is accordingly not facing the lengthy term of imprisonment anticipated at the time the dispositional order was issued and, as such, it is unclear whether the best interests of the children continue to demand the termination of her parental rights. Thus, we agree with petitioner and respondent that a new dispositional hearing is required (see Matter of Brandon Michael R. [Wandalee R.], 116 AD3d 620, 620-621 [2014]; Matter of Malik S. [Jana M.], 101 AD3d 1776, 1777-1778 [2012]).

Respondent's remaining contention regarding the propriety of terminating her parental rights relating to Omari has been rendered academic given the need for a new dispositional hearing.

McCarthy, J.P., Garry, Lynch and Mulvey, JJ., concur.


        ORDERED that the appeal from the order entered March 2, 2015 is dismissed, without costs.

        ORDERED that the order entered August 7, 2015 is modified, on the law, without costs, by reversing so much thereof as terminated respondent's parental rights, freed Haveen P., Amira O. and Zoey O. for adoption and placed Omari O. with a fit and willing relative; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the terms of said order shall remain in effect on a temporary basis; and, as so modified, affirmed.




                    ENTER:



                    Robert D. Mayberger
                    Clerk of the Court