■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON F. POWELL, Appellant. [61 NYS3d 362]—

Garry, J. Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered September 3, 2014, upon a verdict convicting defendant of the crimes of murder in the first degree and murder in the second degree (two counts).

In March 2013, the bodies of Mario Masciarelli and Christina Powell, defendant's estranged wife, were discovered in Powell's home, where she and defendant had formerly resided. Defendant was thereafter arrested and charged with two counts of murder in the second degree and one count of murder in the first degree. He was convicted as charged following a lengthy jury trial, and was sentenced to prison terms of 25 years to life for each conviction of murder in the second degree, to run consecutively, and to life in prison for the conviction of murder in the first degree, to run concurrently to the other sentences. Defendant appeals.

On the first day of jury selection, the parties learned that a prospective juror was a partner at a local law firm. Voir dire initially revealed no relationships that might require disqualification, either on her own behalf or that of her firm. She was sworn in as a trial juror later that day. The following day, as the parties continued with jury selection, this juror informed County Court that she had learned that an attorney at her firm had been representing Powell in the pending divorce action between Powell and defendant at the time of Powell's death, and also that another attorney at the firm was currently representing Powell's parents in a custody proceeding involving the child of Powell and defendant. The parties then agreed to address these issues with the juror prior to commencing trial.

Defense counsel moved to excuse this juror before the first

witness was sworn on the first day of trial, explaining that he was not concerned with her firm's past representation of Powell in the divorce, but he believed that the firm's current representation of Powell's parents prevented the juror from being impartial. The People opposed. County Court reserved decision and conducted an inquiry of the juror, in response to which the juror asserted that her firm's representation would not have any impact on her actions as a juror. However, she further acknowledged that, as a lawyer, she understood that she would be prohibited from accepting a case related to these persons. The court then told the juror that "we are going to ask you to stay with us," and the juror sat through the trial. Following the close of proof, but before the jury was given instructions to deliberate, counsel asked the court to formally rule on his motion to disqualify the juror. The People again opposed, and the court, noting that the juror "quite unequivocally [stated] that [her firm's representation of Powell's family] would have no impact upon her decision making process," denied defendant's motion.[1]

In the course of voir dire, potential jurors may be challenged for various causes (see CPL 270.20 [1]), or peremptory challenges may be used, for which no cause need be shown (see CPL 270.25). Generally, a ruling that erroneously denies a defendant's challenge for cause merits reversal of a subsequent conviction only when the defendant has exhausted his or her peremptory challenges (see CPL 270.20 [2]; *People v Foster*, 100 AD2d 200, 205 [1984], *mod* 64 NY2d 1144 [1985], *cert denied* 474 US 857 [1985]). That statutory provision does not apply here, as the juror had been sworn in at the time that the information came to light, and peremptory challenges were unavailable to defendant (see *People v Harris*, 57 NY2d 335, 349 [1982], *cert denied* 460 US 1047 [1983]; *People v Wlasiuk*, 90 AD3d 1405, 1409 n 2 [2011]).[2] In the circumstances presented, where the challenging party acquires new information that had not been previously available after a juror has already been sworn, the trial court may entertain a challenge made for cause made

---

1. Based upon the statutes outlined herein, it appears that, to the extent that County Court's decision may have been reserved or delayed pending the close of proof, this was in error; however, the record is not entirely clear on this point, and thus this potential error does not form a basis for our determination.

2. The People argue that defendant would have known about the grounds for disqualification when the juror disclosed the name of her firm if he had not—for reasons not relevant here—absented himself from trial. We find this assertion unduly speculative, as the record is devoid of evidence demonstrating that defendant would have necessarily recognized the name of the firm.

before the first trial witness is sworn (*see* CPL 270.15 [4]).[3] Where information regarding a juror's fitness first comes to light only during the course of the trial, a third statute governs, and, in that circumstance, a juror shall be discharged if he or she is "grossly unqualified to serve" or "has engaged in misconduct of a substantial nature" (CPL 270.35 [1]).

Here, as stated above, the information came to light only after the juror was sworn, but prior to the start of trial. Defense counsel promptly and properly preserved the challenge now asserted, specifically, that the firm's representation of Powell's parents prevented the juror from being impartial (*see* CPL 470.05 [2]; *compare People v Walters*, 12 AD3d 953, 954 [2004]). The governing law dictates that a juror should be discharged for cause where the juror is shown to have an implied bias; that is, if the juror shares a relationship with any person involved in the trial the nature of which is likely to preclude him or her from rendering an impartial verdict (*see* CPL 270.20 [1] [c]; *People v Branch*, 46 NY2d 645, 650 [1979]; *People v Stanford*, 130 AD3d 1306, 1308 [2015], *lv denied* 26 NY3d 1043 [2015]). "Trial courts are directed to look at myriad factors surrounding the particular relationship in issue, such as the frequency, recency or currency of the contact, whether it was direct contact, and the nature of the relationship as personal and/or professional or merely a nodding acquaintance" (*People v Greenfield*, 112 AD3d 1226, 1228-1229 [2013] [internal quotation marks and citations omitted], *lv denied* 23 NY3d 1037 [2014]).

Although we find no error in County Court's refusal to disqualify the juror due to her firm's involvement in the divorce action, which had concluded (*see People v Scott*, 16 NY3d 589, 595 [2011]), the same cannot be said of her firm's then ongoing representation of Powell's parents in the custody proceeding (*see People v Greenfield*, 112 AD3d at 1229). It bears noting that the juror did not personally represent Powell's parents, and that the relationship shared by her firm and Powell's family was purely of a professional nature. Nonetheless, the law firm owed Powell's family a clear and paramount duty to represent their interests. As the juror recognized and stated in response to the court's inquiry, the conflicts that arise therefrom—under the particular circumstances presented here—are imputed to her by law (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.1, 1.7, 1.10; *People v Wilkins*, 28 NY2d 53, 56 [1971]; *compare Dietrich v Dietrich*, 136 AD3d 461, 462-

---

**3.** If alternate jurors have been selected, the discharged juror is then replaced with an alternate (*see* CPL 270.15 [4]).

463 [2016]). Further, the effect of the juror's involvement cannot be said to be remote, as the verdict reached by this jury would inevitably affect the custody proceedings; indeed, by direct application of statutory law, a guilty verdict in this criminal action necessarily precluded an award of custody or visitation to defendant in that matter (*see* Family Ct Act § 1085 [1]; Domestic Relations Law § 240 [1-c] [a]; *Matter of Zoey O. [Veronica O.]*, 147 AD3d 1227, 1229 [2017]).[4]

As a matter of well-established law, a juror's assurances of impartiality are inadequate to cure an implied bias (*see People v Furey*, 18 NY3d 284, 287 [2011]; *People v Montford*, 145 AD3d 1344, 1347-1348 [2016], *lv denied* 29 NY3d 999 [2017]; *People v Hamilton*, 127 AD3d 1243, 1246 [2015], *lv denied* 25 NY3d 1164 [2015]). Further, rather than testing the bounds of their discretion by allowing a potentially impartial juror to remain on the jury, it is well established that trial courts should lean toward disqualifying jurors of dubious impartiality because, at worst, the court merely replaces one impartial juror with another (*see People v Branch*, 46 NY2d at 651; *People v Hamilton*, 127 AD3d at 1247). Accordingly, defendant's challenge for cause should have been granted based upon the implied bias stemming from the firm's ongoing representation of Powell's family. We must therefore agree with defendant that County Court committed reversible error by denying his challenge for cause to disqualify the juror (*see People v Greenfield*, 112 AD3d at 1230; *People v Hoffstetter*, 256 AD2d 1171, 1171 [1998], *lv denied* 93 NY2d 853 [1999]; *compare People v Provenzano*, 50 NY2d 420, 425 [1980]). Precedent establishes that this is an error of law and thus not subject to harmless error review (*see People v Furey*, 18 NY3d 284, 288 [2011]; *People v Petke*, 125 AD3d 1103, 1105 [2015], *lv granted* 25 NY3d 1075 [2015]; *People v Heath*, 24 AD3d 876, 877 [2005], *lv denied* 6 NY3d 813 [2006]). We are thus constrained to reverse and remit for a new trial on this ground, despite the considerable strength of the evidence that was amassed against defendant in the course of the trial.[5]

This determination renders defendant's multiple remaining contentions academic. Nonetheless, as the matter is returning to County Court for a new trial, we address the following. "[A]

---

4. In accord with the cited statutes, defendant's conviction was thereafter ultimately the basis for the dismissal of his appeal from Family Court's order denying defendant visitation with the child (*see Matter of Rumpel v Powell*, 129 AD3d 1344, 1346 [2015]).

5. Defendant does not challenge the legal sufficiency or the weight of the trial evidence upon his appeal.

trial court must grant a defendant's request for a circumstantial evidence charge when the proof of the defendant's guilt rests solely on circumstantial evidence. By contrast, where there is both direct and circumstantial evidence of the defendant's guilt, such a charge need not be given" (*People v Hardy*, 26 NY3d 245, 249 [2015] [citations omitted]; *accord People v James*, 147 AD3d 1211, 1212 [2017]). Although the People stated at the time of the charge conference that the evidence was circumstantial, upon this appeal they contend that there was some direct evidence of guilt, based upon the testimony of a friend that defendant had told him that defendant was following the victims and "had an extension cord in the car and he could kill them both." It is asserted that this constitutes direct evidence because Powell's body was found with an extension cord around her neck. Although it may be appropriate to allow the jury to determine whether a defendant's statement may be interpreted as an admission of guilt (*see People v Sanchez*, 61 NY2d 1022, 1023 [1984]; *see e.g. People v Rumble*, 45 NY2d 879, 880-881 [1978]), admissions of guilt are acts that a defendant admits he or she has already performed (*see e.g. People v Guidice*, 83 NY2d 630, 636 [1994]; *People v Barnes*, 162 AD2d 1039, 1040 [1990], *lv denied* 76 NY2d 890 [1990]). Here, taken as true, defendant's statements to his friend merely establish that defendant was following the victims the night they died, and that he said that he could kill them—but the jury is still required to draw the inference that he followed through and committed the murders (*see People v Hardy*, 26 NY3d at 249-250; *People v Sanchez*, 61 NY2d at 1023; *see e.g. People v Placido*, 149 AD3d 1157, 1160 [2017]). Thus, without addressing the charge as given, a circumstantial evidence charge appears to be appropriate.

Peters, P.J., Clark and Rumsey, JJ., concur.

Rose, J. (dissenting). I cannot agree that defendant properly preserved his present claim that County Court should have discharged the relevant juror for cause pursuant to CPL 270.15 and, therefore, I respectfully dissent. It is well settled that, "[t]o preserve an issue for review, counsel must register an objection and apprise the court of grounds upon which the objection is based 'at the time' of the allegedly erroneous ruling 'or at any subsequent time when the court had an opportunity of effectively changing the same' " (*People v Cantave*, 21 NY3d 374, 378 [2013], quoting CPL 470.05 [2]; *accord People v Jackson*, 29 NY3d 18, 22 [2017]). "The salutary goal of this well-established preservation requirement is to avoid the need for an appeal and 'provide the opportunity for cure before a verdict

is reached and a cure is no longer possible' " (*People v Jackson*, 29 NY3d at 22, quoting *People v Gray*, 86 NY2d 10, 20-21 [1995]; *see People v Michael*, 48 NY2d 1, 6 [1979]). Less than strict adherence to the preservation requirement "would serve as an invitation to delay and could result in an unmanageable morass of collateral proceedings within each prosecution" (*People v Michael*, 48 NY2d at 6).

Here, when the juror notified County Court of her law firm's representation of Christina Powell's parents in a custody proceeding against defendant, she had been sworn as a trial juror. County Court advised the parties that it would defer to their judgment regarding how to handle the issue, and defense counsel indicated that he was going to give the issue some thought. After the full jury had been sworn, but before opening statements on the first day of trial, County Court asked defense counsel how he would like to proceed. Only then did counsel indicate that he was making a motion to excuse the juror based upon her law firm's representation of Powell's parents. Counsel did not mention that his challenge was for cause, nor did he specify the statutory standard that he wished the court to apply. The People opposed the motion, stating that the "grounds for disqualifying a sworn juror [are] that the juror has to be grossly unqualified and [we] don't think that the information that we have at this point rises anywhere near that level." County Court reserved on defendant's motion and, with defendant's consent, conducted an inquiry of the juror.

During the inquiry, both County Court and defense counsel posed several questions to the juror, focusing on whether her ability to objectively and fairly view the evidence and render a decision would be impacted by the fact that an acquittal would have the potential of negatively affecting the custody case of Powell's parents. After the juror told counsel that any potential issues for her law firm would have no impact on her decision-making ability and would not affect her, counsel replied that he "accept[ed] that." When County Court then asked counsel if he had "[a]nything in light of" the juror's answers, counsel responded, "No. Thank you." In my view, counsel's responses establish that he explicitly accepted the juror's assurances of impartiality. Although counsel was afforded ample opportunity to fully apprise County Court of the grounds for his motion, he failed to argue—as defendant does now on appeal—that the challenge to the sworn juror was one for cause pursuant to CPL 270.15 (4) and not pursuant to the "grossly unqualified" standard of CPL 270.35 (1) (*compare* CPL 270.15 [4], *with* CPL 270.35 [1]). Instead, counsel said nothing further about the is-

sue, thus making it entirely reasonable for County Court to believe that the issue had been resolved. As a result, the court did not discharge the juror and the trial commenced.

It was not until after the close of proof that counsel requested an express ruling from County Court regarding his motion to excuse the juror. Again, however, counsel did not specify the statutory standard that he sought to have County Court apply, despite the opportunity to do so. For their part, the People opposed the application, arguing again that the juror was not grossly unqualified because she had indicated that her law firm's representation of Powell's parents would have no impact on her state of mind (*see generally People v Buford*, 69 NY2d 290, 298 [1987]). County Court agreed with the People and denied defendant's application.

Based upon the foregoing, I would find that the failure of defense counsel to articulate that his motion to excuse the sworn juror was a for-cause challenge grounded upon CPL 270.15 (4), his silence in the face of the People's assertions that the applicable standard was "grossly unqualified" pursuant to CPL 270.35 (1) and his stated acceptance of the juror's answers during the inquiry, when taken together, did not sufficiently apprise County Court of the grounds upon which defendant's present claim is based, thereby failing to properly preserve the claim for appellate review (*see People v Wells*, 15 NY3d 927, 928 [2010], *cert denied* 565 US 828 [2011]). In my view, to hold otherwise would diminish the requirement that all "objections be raised at a time when they can be dealt with most readily" and, thus, defeat the purpose behind the preservation requirement (*People v Michael*, 48 NY2d at 6). Although we have the discretionary power to take corrective action in the interest of justice (*see* CPL 470.15 [6] [a]), I would decline to exercise that discretion here given that a review of the full record reveals no suggestion that the alleged error, or counsel's failure to properly preserve defendant's present claim, deprived defendant of a fair trial.

Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.