People v Frierson (2023 NY Slip Op 01212)

People v Frierson

2023 NY Slip Op 01212

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

112084
[*1]The People of the State of New York, Respondent,
v
Damian Frierson, Appellant.

Calendar Date:January 11, 2023

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

Clark, J.
Appeal from a judgment of the Supreme Court (Peter A. Lynch, J.), rendered August 1, 2019 in Albany County, upon a verdict convicting defendant of the crime of assault in the third degree.
Defendant was charged by indictment with one count of assault in the second degree (Penal Law § 120.05 [1]) stemming from an incident that occurred at the Capital District Psychiatric Center in June 2018. Following a jury trial, defendant was acquitted of assault in the second degree but was convicted of the lesser included offense of assault in the third degree, and he was sentenced to time served. Defendant appeals.
Initially, the record contradicts defendant's allegation that Supreme Court impermissibly counseled defendant against exercising his constitutional right to a bench trial (see NY Const, art I, § 2). Although defense counsel told the court that defendant had indicated interest in a bench trial, counsel immediately conferred with defendant and advised the court that defendant was "ready for a jury." Therefore, the court's subsequent limited commentary cannot be said to have affected defendant's earlier choice.
Next, defendant argues that Supreme Court erred when it dismissed a sworn juror. However, "where the challenging party acquires new information that had not been previously available after a juror has already been sworn, the trial court may entertain a challenge made for cause made before the first trial witness is sworn" (People v Powell, 153 AD3d 1034, 1035-1036 [3d Dept 2017]; see CPL 270.15 [4]; People v West, 166 AD3d 1080, 1083 [3d Dept 2018], lv denied 32 NY3d 1129 [2018]). Juror No. 2 was sworn in on a Monday, the first day of jury selection. As the second day of jury selection began, Supreme Court received a note from juror No. 2 indicating her concern that the trial would impede with "unchangeable travel plans" that she had previously scheduled for Friday morning. During further voir dire, juror No. 2 explained that she had been under the impression that the trial was likely to conclude by Wednesday;[FN1] however, because jury selection extended into a second day, the juror became concerned that the trial would interfere with her travel plans. The juror admitted that, if the trial or jury deliberations lasted into Friday morning, she would be "very distracted" and that it would inhibit her ability to give the case her full attention. Upon this new information, Supreme Court granted the People's motion to discharge the juror for cause, over defendant's objection. Taking into consideration that jury deliberations follow no specific timeline, and the juror's admission that she would be unable to focus on the evidence, we find that she had "a state of mind" that left her unable to "render[] an impartial verdict based upon" such evidence (CPL 270.20 [1] [b]). Accordingly, Supreme Court did not abuse its discretion in discharging juror No. 2 (see People v King, 277 AD2d 708, 709-710 [3d Dept 2000], lv denied 96 NY2d 802 [2001]; cf. People [*2]v Clark, 52 AD3d 860, 862-863 [3d Dept 2008], lv denied 11 NY3d 831 [2008]; People v Bowers, 210 AD2d 795, 796-797 [3d Dept 1994]; compare People v DeFreitas, 116 AD3d 1078, 1080 [3d Dept 2014], lv denied 24 NY3d 960 [2014]).
Lastly, defendant argues that Supreme Court erred in granting the People's challenge for cause discharging prospective juror No. 21.[FN2] During voir dire, the prospective juror disclosed that her child has bipolar disorder and had suffered some psychotic episodes. Consequently, she had "a lot of empathy" for people suffering from mental health issues and her life experience would "probably" influence her ability to hear the proof and remain impartial. Inasmuch as the prospective juror did not thereafter give an unequivocal assurance of impartiality, Supreme Court did not abuse its discretion in discharging her (see People v Izzo, 104 AD3d 964, 966 [3d Dept 2013], lv denied 21 NY3d 1005 [2013]; People v Lee, 66 AD3d 1116, 1119 [3d Dept 2009]; see also People v Russell, 116 AD3d 1090, 1094 [3d Dept 2014]). Notably, "rather than testing the bounds of their discretion by allowing a potentially impartial juror to remain on the jury, it is well established that trial courts should lean toward disqualifying jurors of dubious impartiality because, at worst, the court merely replaces one impartial juror with another" (People v Powell, 153 AD3d at 1037; see People v Russell, 116 AD3d at 1093).
Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Apparently, at the beginning of jury selection, the commissioner of jurors commented that he did not expect the trial to go past Wednesday.

Footnote 2: The People exhausted their peremptory challenges prior to the conclusion of jury selection (see CPL 270.20 [2]).