■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WASHINGTON, Appellant. [937 NYS2d 43]—

On the original appeal (*People v Washington*, 82 AD3d 570 [2011]), this Court rejected the suppression hearing court's rationale for denying suppression and remitted the matter to that court for determination of an alternative basis for upholding the search advanced by the People at the hearing but not reached by the court. Upon remittal, the hearing court again denied defendant's suppression motion, finding that the search of the car in which defendant was a passenger was justified as a protective measure. We agree and now affirm.

Uniformed police officers observed a car carrying five passengers make an illegal turn, followed it and pulled it over. As they got out of their patrol car, the officers saw the three backseat passengers making "a lot" of "furtive" movements, including bending forward and then looking back at the officers. This conduct objectively appeared to be an effort to hide something from the police. The driver produced a registration, but was unable to produce a driver's license.

Furthermore, the occupants of the car were not fully complying with the officers' instructions. Although the officers told the men to stay in the car, a passenger began to get out, and the driver got out of the car and shouted that his license was in the trunk. In addition, the car's trunk had popped open, blocking the officer's view of the car's interior.

While one officer spoke to the driver by the trunk of the car, the other officer removed the passengers, including defendant, who had been sitting in the middle of the back seat. This officer leaned inside, pointed his flashlight into the car, and saw a revolver on the floor.

This evidence supports the hearing court's finding, following our remittitur, that the officer made a lawful protective check for weapons. The totality of the information available to the police supported a reasonable conclusion that there was a weapon in the car that presented an actual and specific danger to their safety, and the limited intrusion into the back seat area, where the officers had seen furtive movements, was justified as a protective search for weapons (*see People v Mundo*, 99 NY2d 55, 57-59 [2002]; *People v Anderson*, 17 AD3d 166, 167-168 [2005]).

Turning to the other issues raised on the original appeal, we find no basis for reversal. The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was extensive evidence that defendant possessed two loaded handguns found in the car in which he had been riding. In addition to the automobile presumption (Penal Law § 265.15 [4]) and defendant's proximity to the weapons, there was testimony that directly implicated defendant as the supplier of the weapons. The court's jury instructions appropriately conveyed the permissive nature of the automobile presumption, and that the burden of proof never shifts from the People.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent counts (*see e.g. People v Martinez*, 8 AD3d 8 [2004], *lv denied* 3 NY3d 677 [2004]). Concur—Andrias, J.P., Friedman, Acosta and DeGrasse, JJ.