■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSS CAMPBELL, Appellant. [16 NYS3d 548]—

Judgment, Supreme Court, Bronx County (Wayne Ozzi, J.), rendered November 23, 2010, convicting defendant, after a jury trial, of sex trafficking, promoting prostitution in the second degree, rape in the first degree, criminal sexual act in the first degree, and kidnapping in the second degree, and sentencing him to an aggregate term of 25 years and a $2500 fine, unanimously modified, on the law, to reduce the crime victim assistance fee from $25 to $20, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported all of the elements of each crime at issue, including the requisite forcible compulsion.

Defendant did not preserve his Confrontation Clause and related arguments concerning events that occurred during lineups, and we decline to review them in the interest of justice. As an alternative holding, we find that although a reference to an identification by a nontestifying victim should have been excluded, the error was harmless beyond a reasonable doubt (*see People v Eastman*, 85 NY2d 265, 276-278 [1995]) in light of the overwhelming evidence of guilt and the fact that identity was not a fundamental issue in the case.

Defendant's ineffective assistance of counsel claims are generally unreviewable on direct appeal because they involve matters of strategy not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state

and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. The record does not support defendant's contention that the court believed it was obligated to impose a fine. We reduce the crime victim assistance fee in conformance with the statute in effect when the crimes were committed.

The arguments contained in the supplemental brief filed by additional counsel are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find them to be without merit. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.