This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 33
The People &c.,
            Respondent,
         v.
Nelson Miranda,
            Appellant.



            Frances A. Gallagher, for appellant.
            Andrew E. Seewald, for respondent.




MEMORANDUM:

            The order of the Appellate Term should be affirmed.

            Defendant made a motion to suppress physical evidence "seized from his person" on the basis that the property seized was the fruit of an unlawful arrest.  At the conclusion of the suppression hearing, the court found probable cause for the

- 1 -

arrest based on the officers' "observations over a nearly 30-minute period," during which defendant attempted to damage the locks on three different bicycles using a tool in a "sawing" motion.  As one officer stopped defendant, defendant dropped a hacksaw.  The officer put defendant's hands on a car, handcuffed him, and performed an initial pat down for the safety of the officers and felt a bag on his person underneath his coat.  The officers searched the satchel and found pliers, screwdrivers and rubber gloves.  The hearing court concluded that the search was incident to a lawful arrest.

> "CPL 470.05 (2) provides that a question of law regarding a ruling is presented in a criminal proceeding 'when a protest thereto was registered, by the party claiming error, at [a] time . . . when the court had an opportunity of effectively changing the same . . . or if in response to a protest by a party, the court expressly decided the question raised on appeal'"

(People v Graham, 25 NY3d 994, 996 [2015]).

The issue argued on this appeal is whether the warrantless search of defendant's satchel was unlawful as beyond the scope of a search incident to arrest.  In particular, defendant contends that the exigencies that existed at the time of the arrest no longer existed at the time of the search because he was handcuffed and the seizure of the satchel was outside of a permissible full search of his person incident to arrest.

Here, the hearing court did not expressly decide, in response to protest, the issues now raised on appeal.  The issue

at the suppression hearing was whether the officers had probable cause to arrest defendant.  The hearing court's mere reference to "search incident to a lawful arrest" is insufficient to preserve defendant's current arguments for this Court's review.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided March 24, 2016