■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABELARDO ALEJANDRO, Appellant. [38 NYS3d 146]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J., at suppression hearing; Marcy L. Kahn, J., at plea and sentencing), rendered September 4, 2013, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him to a term of two years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record.

The police observed a car driven by defendant remaining stationary in a no-parking zone, and defendant was neither loading or unloading passengers or property. Accordingly, even though its motor was running, defendant's car was parked illegally, and the police had, at least, an objective credible reason for approaching the car (*see People v Ruiz*, 100 AD3d 451 [1st Dept 2012], *lv denied* 20 NY3d 1065 [2013]).

As the police approached the car, defendant and a passenger began moving their hands rapidly, leaning forward and dipping their shoulders, and they reasonably appeared to be hiding something. Based on the men's movements, as well as the officers' experience relating to weapons hidden in cars and the fact that the car was illegally parked in a high crime neighborhood, the police were justified in ordering the men out of the car, making a limited visual inspection of areas of the car where a weapon could be located, and conducting a protective frisk (*see People v Garcia*, 20 NY3d 317, 321 [2012]; *People v Feldman*, 114 AD3d 603 [1st Dept 2014], *lv denied* 23 NY3d 962 [2014]; *People v Washington*, 91 AD3d 534, 534 [1st Dept 2012], *lv*

*denied* 18 NY3d 999 [2012]). In any event, the frisk itself did not yield any contraband. Instead, the police saw cocaine in plain view on the driver's seat as defendant got out of the car.

We have considered and rejected defendant's remaining arguments. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.