OPINION OF THE COURT
Rivera, J.
Defendant Thomas Jackson alleges that his conviction should be reversed because the trial court issued an erroneous Sandoval ruling and denied his right to be present at a sidebar confer *21 ence during jury selection. Defendant’s first challenge is unpre-served and his second ground for reversal is unreviewable as he validly waived the right he now seeks to assert.
Defendant was prosecuted on charges arising from unrelated sexual attacks on two female acquaintances. Before trial, the People moved for permission to question defendant, if he testified, about his prior convictions and bad acts pursuant to People v Sandoval (34 NY2d 371 [1974]), or for an appropriate Sandoval compromise.[1] As relevant to this appeal, the People sought to ask about a juvenile delinquency adjudication for offenses, which, if committed by an adult, constituted robbery in the second and third degrees.
At a combined Sandoval/Molineux hearing, defendant opposed the request “simply because they are juvenile offenses” and a young offender’s mind and sense of values are not well formed. Although the People only sought to question defendant regarding the underlying facts of the adjudications, the court ruled that, as to one of the offenses, the People could elicit the fact that defendant was adjudicated a juvenile delinquent and received one year of probation, but not the facts underlying the adjudication.[2] Defendant did not object to the compromise ruling.
At a subsequent hearing held pursuant to People v Antommarchi (80 NY2d 247 [1992]), the court informed defendant that he had a right to be present during sidebar conversations, but that he would be accompanied by court officers since he was in custody, and this would reveal his custodial status to the jury. The court further informed defendant that he could waive the right to be present during sidebar conversations to avoid this consequence and explained the nature of such a waiver. The court assured him that, “even if you sign the waiver, you can come up at any time” and “you can revoke the waiver at any time.” The record establishes that defendant and his attorney had two off-the-record conversations regarding the *22 waiver. Defendant then signed the written waiver, attesting that, “having been informed of his right to be present during sidebar discussions with prospective jurors and/or discussions of law, and after consulting with his attorney,” defendant “gives up his right to be present.”
Defendant was convicted of predatory sexual assault and criminal sexual act in the first degree. Thereafter, the court imposed a sentence of 25 years to life upon his predatory sexual assault conviction to run concurrently with a sentence of 25 years upon his criminal sexual act conviction, and 25 years postrelease supervision, an order of protection, and fines.
The Appellate Division affirmed the judgment concluding, inter alia, that the Sandoval ruling on the juvenile delinquency adjudication was harmless error and the defendant validly waived his right to be present at sidebar conferences (128 AD3d 1181 [2015]). A Judge of this Court granted leave to appeal (26 NY3d 1089 [2015]) and we now affirm.
Defendant claims that the trial court erroneously ruled that the People could elicit on cross-examination the existence of his juvenile delinquency adjudication, and that such error is not harmless. He also asserts that the court failed to secure a valid waiver of his right to be present at a sidebar conference during which he was excluded from the questioning of a prospective juror regarding her potential bias.
As with other questions of law concerning a ruling or instruction, a challenge based on a Sandoval error must be preserved for appellate review by a specific, timely objection (People v Cantave, 21 NY3d 374, 378 [2013]; People v Gray, 86 NY2d 10, 20-21 [1995]; CPL 470.05 [2]). “To preserve an issue for review, counsel must register an objection and apprise the court of grounds upon which the objection is based ‘at the time’ of the allegedly erroneous ruling ‘or at any subsequent time when the court had an opportunity of effectively changing the same’ ” (Cantave, 21 NY3d at 378, quoting CPL 470.05 [2]). The salutary goal of this well-established preservation requirement is to avoid the need for an appeal and “provide the opportunity for cure before a verdict is reached and a cure is no longer possible” (People v Gray, 86 NY2d 10, 20-21 [1995]; see People v Michael, 48 NY2d 1, 6 [1979] [the requirement is “grounded in large part in the need to preserve limited judicial resources and avoid untoward delay in the resolution of criminal proceedings”]).
*23 Under the unique factual circumstances of this case and based on the trial court’s colloquy with counsel, we conclude that defendant’s challenge to the Sandoval ruling is unpre-served. Defendant did not make the argument he now asserts at the time of the alleged erroneous ruling, or at any time at all. Instead, he argued, against the People’s initial proffer, that the court should deny the request because defendant’s actions should not be judged based on a young offender’s undeveloped mind and sense of values. Defendant failed to argue that it would be legal error to permit the People to elicit that defendant was adjudicated a juvenile delinquent (see People v Greer, 42 NY2d 170, 176 [1977]; People v Gray, 84 NY2d 709, 712 [1995]). Defendant did not make that argument before or after the compromise ruling, or at any point during the proceedings “when the court had the ‘opportunity of effectively changing’ its ruling” (Cantave, 21 NY3d at 379) and avoiding the error of which defendant now complains.
Nor, as defendant contends, is the specific issue preserved under CPL 470.05 (2) because the trial court ruled on the legal merits of his claim in response to a protest. Under CPL 470.05 (2), an issue is preserved “if in re[s]ponse to a protest by a party, the court expressly decided the question raised on appeal.” At the colloquy, defendant objected not on grounds of a legal prohibition, but on the basis that juveniles have not achieved the equivalent mental and social development of adults. The People consistently requested permission to inquire as to the underlying facts, and neither the defendant nor the People ever registered a complaint to the court’s ruling. Without defendant’s objection the court had no way of knowing that defendant believed the court’s ultimate decision was erroneous. The trial judge, therefore, had no opportunity to “specifically confront [ ] and resolve [ ]” the issue defendant raises on appeal (People v Feingold, 7 NY3d 288, 290 [2006]). Given these circumstances, we cannot say that the trial court “expressly decided,” meaning that it considered, whether its Sandoval compromise was objectionable to the parties (see People v Graham, 25 NY3d 994, 997 [2015] [finding the trial court’s decision was not “focused” on the issue raised on appeal and therefore that issue was not “expressly decided”]; People v Smith, 22 NY3d 462, 465 [2013]).
It would be a different case if defendant specifically objected to points raised in the proffer and the court ruled in the People’s favor, on the precise grounds cited by the People. In *24 such case defendant’s argument might fit within the language of CPL 470.05 (2), rendering it unnecessary for a defendant to register an objection after the ruling (see People v Finch, 23 NY3d 408, 416 [2014]). However, where, as here, the ruling is not at all what the People requested, defendant must make the court aware of an objection to that ruling.[3]
Defendant’s additional claim that he was denied his right to be present at a sidebar conference regarding the potential bias of a prospective juror is not reviewable as he waived his right. Under section 260.20 of the CPL, “[a] defendant must be personally present during the trial of an indictment.” In People v Antommarchi, this Court held that a court cannot “explore prospective jurors’ backgrounds and their ability to weigh the evidence objectively unless defendant is present” (80 NY2d at 250). However, a defendant may waive the right to be present at sidebar (People v Vargas, 88 NY2d 363, 375-376 [1996]).
Here, the court informed defendant of his right to be present at sidebar conferences, defendant consulted with his attorney regarding the waiver of this right, his attorney indicated that defendant understood the waiver and would sign it, and defendant signed a clearly worded waiver form. During the court’s discussion with defendant regarding the waiver, the court went so far as to inform defendant that “even if you sign the waiver, you can come up at any time.” Under these circumstances, defendant validly waived his rights.
To the extent defendant argues that his off-the-record conversations with counsel did not sufficiently apprise him of his rights, he relies on matters dehors the record and beyond review by this Court on direct appeal. Such claims are more appropriately considered on a CPL 440.10 motion (People v Brown, 17 NY3d 863, 866 [2011]).
The Appellate Division order should be affirmed.

. In order to “strik[e] a balance between the probative value of the prior convictions and the risk of prejudice” a trial court may “permit cross-examination only as to the existence of prior convictions, not their Penal Law names (‘nature’) or underlying circumstances. . . . This balancing has long been called the ‘Sandoval compromise’ ” (People v Smith, 18 NY3d 588, 597 [2012, Pigott, J., concurring]).

. The trial court also ruled that the People could not elicit any testimony regarding another juvenile delinquency adjudication and rendered compromise rulings regarding several prior adult convictions. Defendant does not challenge any of these Sandoval rulings.

. Defendant is incorrect when he claims that the People forfeited their preservation argument by not raising it in the Appellate Division. This Court may consider any question of law “regardless of whether such question was raised, considered or determined upon the appeal to the intermediate appellate court” (CPL 470.35 [1]; 470.05 [2]; see People v Baumann & Sons Buses, Inc., 6 NY3d 404, 406-407 [2006]).