# United States Court of Appeals
## For the First Circuit

No. 15-1692

UNITED STATES OF AMERICA,

Appellee,

v.

JERVIS A. HILLAIRE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Thompson, and Barron,
Circuit Judges.

James S. Hewes for appellant.
Renée M. Bunker, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

May 18, 2017

**BARRON, Circuit Judge**.    Jervis A. Hillaire challenges his conviction for conspiracy to commit access-device fraud on the ground that the District Court erred in denying his pretrial suppression motion.   We affirm.

## I.

Hillaire, along with his co-defendant, Gyadeen P. Ramdihall, was indicted in federal court in the District of Maine on February 25, 2014, for conspiracy to possess and use counterfeit access devices with intent to defraud, see 18 U.S.C. § 1029(a)(1), (a)(3), (b)(2); id. § 371, as well as several related counts. Specifically, Hillaire was also indicted for (1) possession of counterfeit access devices, and aiding and abetting such possession; (2) use of counterfeit access devices, and aiding and abetting such use; and (3) wire fraud, and aiding and abetting wire fraud.   See 18 U.S.C. § 1029(a)(1), (a)(3); id. § 1343; id. § 2.   Before their trial, Hillaire and Ramdihall submitted motions to the District Court to suppress evidence and statements that had been obtained in the previous months in connection with three traffic stops.

Two of the stops occurred in Maine, on September 6, 2013 and January 24, 2014, respectively, and were carried out by local law enforcement.   The other stop occurred in Ohio, on October 10, 2013, and was carried out by state law enforcement.   The evidence Hillaire and Ramdihall sought to suppress included seventeen

credit cards that were found in the trunk of a rental car during the Ohio traffic stop on October 10, 2013, as well as the information that law enforcement obtained from those cards by swiping the cards' magnetic strips through a card reader.

After a two-day suppression hearing, the District Court denied Hillaire's and Ramdihall's motions to suppress the evidence obtained from the three traffic stops. Hillaire then conditionally pled guilty to conspiracy to possess and use counterfeit devices in violation of 18 U.S.C. § 1029(a)(1) and (a)(3).[1] He reserved his right to appeal from the District Court's denial of his suppression motion. He was sentenced to 13 months' imprisonment and three years' supervised release, and ordered to pay $17,987.56 in restitution. He now appeals the District Court's denial of his motion to suppress the evidence obtained from the October 10, 2013 traffic stop in Ohio. We review the District Court's legal conclusions de novo and its factual findings for clear error. United States v. Belton, 520 F.3d 80, 82 (1st Cir. 2008).

## II.

We recounted the facts relevant to the Ohio stop at length in United States v. Ramdihall, which is also decided this day, and so we need not do so here. See United States v. Ramdihall,

---

[1] Ramdihall also conditionally pled guilty to conspiracy to possess and use counterfeit devices in violation of 18 U.S.C. § 1029(a)(1) and (a)(3).

No. 15-1841, slip op. at 19-21 (1st Cir. May 18, 2017).  Unlike Ramdihall, Hillaire was a passenger in the car, rather than its driver.  But, when a police officer makes a traffic stop, both the driver of the vehicle and the passengers within it are seized within the meaning of the Fourth Amendment.  Thus, if the seizure is unlawful, as Hillaire contends it was, he has standing to seek the suppression of the seizure's fruits.  Brendlin v. California, 551 U.S. 249, 257 (2007); see also United States v. Starks, 769 F.3d 83, 89 (1st Cir. 2014).  Nevertheless, Hillaire's challenge to the lawfulness of the seizure fails on the merits for the reasons already provided in Ramdihall.  See Ramdihall, slip op. at 21-32.  And, as there was no unlawful seizure, the evidence that Hillaire seeks to suppress obviously does not constitute the fruits of an unlawful seizure.

### III.

All that remains for us to consider with respect to Hillaire's challenge to the denial of his suppression motion is Hillaire's contention that the District Court erred in concluding that the warrantless swiping of the credit cards through the card reader was constitutional.[2]  We find no merit in this challenge, either.

---

[2] In pressing this argument, Hillaire argues that under United States v. Almeida, 748 F.3d 41 (1st Cir. 2014), and United States v. Campbell, 741 F.3d 251 (1st Cir. 2013), he has standing to challenge the search of the "items seized" -- i.e., the credit

- 4 -

Hillaire contends that the District Court erred because credit cards are "analogous to cell phones" -- which generally cannot be searched without a warrant, Riley v. California, 134 S. Ct. 2473 (2014) -- due to the capacity of the magnetic strips on credit cards to store "personal digital data." In support of the argument, Hillaire asserts that the magnetic strips on credit cards store "confidential financial information" and "data concerning merchandise purchased," including "locations where the credit card was used" and "types of merchandise purchased." The only evidence presented on the matter in the District Court, however, showed that, except when magnetic strips are altered for criminal purposes, the magnetic strips "contain[] only the card number and the expiration date, which [are] routinely given to retailers and [are] visible on the front of the card."[3] Thus, this aspect of his challenge fails as well.

_____

cards -- in this case, notwithstanding that he was only a passenger in the vehicle. But, given that the challenge has no merit, we need not decide whether he has standing to bring it.

[3] See United States v. DE L'Isle, 825 F.3d 426, 432-33 (8th Cir. 2016) (finding no reasonable expectation of privacy in credit card strips because, "in the normal course, all of the information found in the magnetic strips on . . . credit cards is identical to the information in plain view on the front of the cards"); United States v. Bah, 794 F.3d 617, 633 (6th Cir. 2015) (finding no reasonable expectation of privacy in credit card strips under Riley because the information stored on the strips, "unless re-encoded, would more or less match that provided on the front and back of the card"), cert. denied sub nom. Harvey v. United States, 136 S. Ct. 561 (2015); United States v. Alabi, 943 F. Supp. 2d 1201, 1286-87 (D.N.M. 2013) (finding no reasonable expectation of privacy in credit card strips because, unless the credit cards are fraudulent,

## IV.

For the foregoing reasons, we **<u>affirm</u>**.

---

"[t]he information disclosed in scanning credit and debit cards' magnetic strips is limited to the same information that the exterior of the card discloses"), <u>aff'd on other grounds</u>, 597 F. App'x 991 (10th Cir. 2015).