MEMORANDUM:
***942 The order of the Appellate Division should be affirmed.
Under both federal and state constitutional standards, defendant "bears the burden of establishing his claim[s] that counsel's performance is constitutionally deficient" ( People v. Nicholson, 26 N.Y.3d 813, 831, 28 N.Y.S.3d 663, 48 N.E.3d 944 [2016] ). Defendant "must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure" (id. ). On this record, defendant has not met that burden.
Defendant presents ineffective assistance of counsel claims that are "of the type where 'it ... [is] essential[ ] that an ***943 appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10 ' " ( People v. Henderson, 28 N.Y.3d 63, 66, 41 N.Y.S.3d 464, 64 N.E.3d 284 [2016], quoting People v. Brown, 45 N.Y.2d 852, 854, 410 N.Y.S.2d 287, 382 N.E.2d 1149 [1978] ).
Order affirmed, in a memorandum.