Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 30, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of stolen property in the third degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting her upon a jury verdict of criminal possession of stolen property in the third degree (Penal Law § 165.50), defendant contends that County Court erred in admitting evidence of her affair with a codefendant. Contrary to the People’s contention, the issue is preserved for our review inasmuch as the court expressly decided the issue in its written decision (see People v Jackson, 29 NY3d 18, 23 [2017]). We conclude, however, that the court did not err. It is well settled that “evidence of uncharged crimes is inadmissible where its purpose is only to show a defendant’s bad character or propensity towards crime” (People v Morris, 21 NY3d 588, 594 [2013]). However, motive is a “well-recognized, nonpropensity purpose! ] for which uncharged crimes may be relevant” (id.). Here, defendant’s adultery was an uncharged crime (see § 255.17), and it was admissible to show defendant’s motive to store merchandise that her code-fendant had stolen from his FedEx truck instead of delivering it to various outlet stores (see Morris, 21 NY3d at 594).
 

 Contrary to defendant’s contention, we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction, i.e., there is a “valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial” (People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled to infer that the value of the stolen property exceeded $3,000, inasmuch as defendant admitted to the police that she possessed at least 20 leather jackets and the undisputed testimony established that the total value of the jackets was at least $3,600. With respect to knowledge, her codefendants’ testimony that defendant knew the goods to be stolen was corroborated by, among other things, her own admissions to the police (see People v Reome, 15 NY3d 188, 191-192 [2010]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
 

 Finally, the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Present—Centra, J.P., Peradotto, Carni, DeJoseph and Winslow, JJ.