People v Sankara (2018 NY Slip Op 00224)





People v Sankara


2018 NY Slip Op 00224


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5426 899/15

[*1]The People of the State of New York, Respondent,
v
Ahmadou Sankara, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered December 9, 2015, as amended February 16, 2016, convicting defendant, after a jury trial, of three counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress forged debit and gift cards recovered from his wallet subsequent to his arrest. The record does not support any of defendant's multiple arguments for suppression.
Given that defendant's car was stopped with its lights off in a no parking zone, the police had an objective, credible reason to approach for information (see People v Ruiz, 100 AD3d 451 [1st Dept 2012], lv denied 20 NY3d 1065 [2013]). Defendant argues that the objective, credible reason dissipated at a point in the encounter when the testifying officer no longer believed that the car was illegally parked. However, the officer's testimony demonstrates that defendant engaged in suspicious conduct before the officer abandoned his belief about the illegal parking.
Upon the officers' approach to his car, defendant's "furtive motion[] in attempting to stuff something under the passenger seat . . . caused the officer to reasonably fear for his safety and reasonably believe that defendant might possess a weapon" (People v Feldman, 114 AD3d 603, 603-04 [1st Dept 2014], lv denied 23 NY3d 962 [2014]; see also People v Alejandro, 142 AD3d 876 [1st Dept 2016], lv denied 28 NY3d 1070 [2016]). The officers were thus justified in directing defendant to show his hands and get out of the car, and in performing a limited search of the area where defendant appeared to have hidden something (see Feldman, 114 AD3d at 603-04; People v Anderson, 17 AD3d 166, 168 [1st Dept 2005]). The search revealed contraband, providing probable cause for defendant's arrest.
Defendant failed to preserve his next suppression argument, which is that the police unlawfully searched his wallet at the precinct after his arrest (see People v Miranda, 27 NY3d 931 [2016]), and we decline to review it in the interest of justice. Because of defendant's failure to raise this issue at the suppression hearing, "the People were never placed on notice of any need to develop the record as to th[is] issue[], or to otherwise establish the validity of the search" (People v Hawkins, 130 AD3d 426, 427 [1st Dept 2015], lv denied 26 NY3d 1088 [2015]; see People v Tutt, 38 NY2d 1011, 1012-13 [1976]). In particular, defendant never claimed that the People needed to introduce more evidence at the hearing concerning police inventory procedures. Accordingly, the record was insufficiently developed to permit appellate review of this issue (see People v Martin, 50 NY2d 1029 [1980]; People v Tutt, 38 NY2d 1011 [1976]).
Defendant's final suppression argument is that when the police used a bank card reader to determine whether the account information contained in the magnetic strips of the cards recovered from defendant's wallet matched the information printed on the front of the cards, this action was similar to a cell phone search, and it thus required a search warrant under Riley v California (573 US , 134 S Ct 2473 [2014]). However, a growing number of cases addressing this technology recognize that this type of police action does not violate any privacy interest [*2]protected by the Fourth Amendment (see e.g. People v Dent, 57 Misc 3d 300, 308-10 [Sup Ct Queens County 2017]; United States v Hillaire, 857 F3d 128, 129-30 [1st Cir 2017]; United States v Turner, 839 F3d 429, 434- 437 [5th Cir 2016]; United States v DE L'Isle, 825 F3d 426, 431-433 [8th Cir 2016]; United States v Bah, 794 F3d 617, 630-633 [6th Cir 2015], cert denied sub nom. Harvey v United States, __ US __, 136 S Ct 561 [2015]).
The verdict was not against the weight of the evidence, as viewed in light of the court's charge (see People v Noble, 86 NY2d 814 [1995]). The charge, read as a whole, permitted the jury to convict defendant of criminal possession of a forged instrument based on the types of forged cards he actually possessed.
The court's Sandoval ruling balanced the appropriate factors and was a provident exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Pavao, 59 NY2d 282, 292 [1983]). The court permitted inquiry into a conviction that was highly probative of defendant's credibility, notwithstanding its similarity to the present charge.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK