MEMORANDUM:
***1111 The order of the Appellate Division, insofar as appealed from, should be affirmed.
Defendant "bears the burden of establishing his claim that counsel's performance is constitutionally deficient" ( People v. Nicholson, 26 N.Y.3d 813, 831, 28 N.Y.S.3d 663, 48 N.E.3d 944 [2016] ; accord People v. Baldi, 54 N.Y.2d 137, 444 N.Y.S.2d 893, 429 N.E.2d 400 [1981] ) by "demonstrat [ing] the absence of strategic or other legitimate explanations for counsel's alleged failure[s]" ( People v. Wragg, 26 N.Y.3d 403, 409, 23 N.Y.S.3d 600, 44 N.E.3d 898 [2015] ; accord People v. Barboni, 21 N.Y.3d 393, 971 N.Y.S.2d 729, 994 N.E.2d 820 [2013] ). On this record, defendant fails to meet that burden and his counsel's alleged out of court statements are "dehors the record and beyond review by this Court on direct appeal" ( People v. Jackson, 29 N.Y.3d 18, 24, 52 N.Y.S.3d 63, 74 N.E.3d 302 [2017] ). As we have stated, "in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10"
**157 ( *882 People v. Brown, 45 N.Y.2d 852, 853-854, 410 N.Y.S.2d 287, 382 N.E.2d 1149 [1978] ; accord People v. Campbell, 30 N.Y.3d 941, 942-943, 67 N.Y.S.3d 125, 89 N.E.3d 515 [2017] ). Consequently, his challenge on this direct appeal fails to establish that counsel's performance was constitutionally deficient (see People v. Rivera, 71 N.Y.2d 705, 709, 530 N.Y.S.2d 52, 525 N.E.2d 698 [1988] ).
Defendant's post-verdict motion for DNA testing was also properly denied. He failed to show that "there exists a reasonable probability that the verdict would have been more favorable to defendant" if the requested testing had been carried out and the results admitted at trial ( CPL 440.30[1-a] ).
***1112 Order, insofar as appealed from, affirmed, in a memorandum.
Chief Judge DiFiore and Judges Rivera, Fahey, Garcia, Wilson and Feinman concur. Judge Stein took no part.