People v Taylor (2019 NY Slip Op 09385)





People v Taylor


2019 NY Slip Op 09385


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


5508/12

[*1]10664 The People of the State of New York, Respondent,
v
Joseph Taylor, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (William B. Carney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered March 2, 2015, convicting defendant, after a jury trial, of attempted murder in the second degree and assault in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years, unanimously affirmed. The court properly denied defendant's suppression motion. The record supports the hearing court's finding that a statement made by defendant was spontaneous and not the product of interrogation requiring Miranda warnings. The officer's sudden exclamation upon discovering that he had gotten blood on his hands after touching defendant's clothing was not the functional equivalent of interrogation (see Rhode Island v Innis, 446 US 291, 300-301 [1980]).
Defendant failed to preserve, or expressly waived, his present claim that he was stopped without reasonable suspicion, and the court "did not expressly decide, in response to protest, the issue[] now raised on appeal" (People v Miranda, 27 NY3d 931, 932 [2016]). Furthermore, the People were not placed on notice of the need to develop the hearing record as to the particular point raised on appeal (see People v Martin, 50 NY2d 1029 [1980]; People v Tutt, 38 NY2d 1011 [1976]). We decline to review this unpreserved issue in the interest of justice. As an alternative holding, we find that to the extent it permits review, the record supports a finding of reasonable suspicion.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK