People v McLaurin (2020 NY Slip Op 06024)





People v McLaurin


2020 NY Slip Op 06024


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Ind No. 1160/13 1160/13 Appeal No. 12138 Case No. 2015-2717 

[*1]The People of the State of New York, Respondent,
v
Donald McLaurin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Cyrus R. Vance, District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at suppression hearing; Roger S. Hayes, J. at jury trial and sentencing), rendered January 30, 2015, convicting defendant of burglary in the second degree (four counts) and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to an aggregate term of 17 years to life, unanimously affirmed.
Defendant's admissibility challenge to a police officer's brief testimony that he responded to a radio report that a laptop was stolen at a particular address is unpersuasive. The testimony was plainly admissible for the nonhearsay purpose of providing background information to explain the actions of the police officer (see People v Tosca, 98 NY2d 660 [2002]). In any event, any error in admission of that evidence, or in the court's failure to give a limiting instruction, was harmless, both with respect to the particular burglary referenced in the radio message, and with respect to the three other burglaries of which defendant was convicted (see People v Crimmins, 36 NY2d 230 [1975]) .
Defendant did not preserve his claim that his statements should have been suppressed as tainted by a prior custodial interrogation, allegedly without Miranda warnings, conducted by detectives who did not testify at the hearing. While there was a brief reference to such an issue in a colloquy, defense counsel did not argue either that the first team of detectives failed to administer Miranda warnings, or that attenuation was not established, and the court did not expressly decide either of those questions (see People v Jackson, 29 NY3d 18, 23-24 [2017]; People v Miranda, 27 NY3d 931, 932 [2016]). Further, we decline to review defendant's unpreserved claim in the interest of justice.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies lacked reasonable strategic justifications or otherwise fell
below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case, including the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020