People v Cromer (2021 NY Slip Op 06554)





People v Cromer


2021 NY Slip Op 06554


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Ind. No. 1456/16 1Appeal No. 14967 Case No. 2018-730 

[*1]The People of the State of New York, Respondent,
v
Dwight Cromer, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Kaplan Hecker, & Fink LLP, New York (Matthew J. Craig of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered November 21, 2017, convicting defendant, after a jury trial, of attempted murder in the second degree, attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree, criminal possession of a weapon in the third degree and criminal possession of a firearm, and sentencing him, as a second violent felony offender, to an aggregate term of 23½ to 27 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The testimony of the shooting victim and his companion was corroborated by various other evidence, including the recovery of a revolver that resembled the one used in the crime and that was amply connected to defendant. Furthermore, by way of a defense witness, defendant presented an implausible defense in which defendant assaulted and chased the victim and the victim's companion, essentially as described in those persons' testimony, but some unknown person did the shooting.
Defendant did not preserve his present arguments regarding allegedly suggestive features of the lineup identification made by the victim's companion, and we decline to review them in the interest of justice. Notwithstanding its general finding that the lineup was not suggestive, the court did not expressly decide the particular issues raised on appeal (see People v Jackson, 29 NY3d 18, 23-24 [2017]; People v Miranda, 27 NY3d 931, 932 [2016]). As an alternative holding, we find that defendant was not singled out for identification as the result of insignificant differences in the clothing and facial hair of the participants (see People v Chipp, 75 NY2d 327, 335 [1990]).
The court correctly ruled that defendant opened the door to evidence that the victim's companion identified defendant in a photo array (see generally People v Massie, 2 NY3d 179, 180 [2004]). Defendant, who first brought up the subject of a photo array on cross-examination, caused a misleading impression by placing in evidence the witness's statement that mistakenly referred to a particular procedure as a lineup, instead of a photo array. In any event, any error in the court's ruling or in the scope of the testimony introduced by the People about the photo identification was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we [*2]find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021