# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 21    SSM 31
The People &c.,
        Respondent,
    v.
Joseph Sposito,
        Appellant.

Submitted by Donna Aldea, for appellant.
Submitted by Michael C. Wetmore, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

"Defendant bears the burden of establishing his claim that counsel's performance is constitutionally deficient by demonstrating the absence of strategic or other legitimate explanations for counsel's alleged failures" (*People v Sposito*, 30 NY3d 1110, 1111 [2018] [cleaned up]). Under the New York Constitution, "[i]n determining whether a defendant has been deprived of effective assistance, a court must examine whether 'the evidence, the

- 1 -

law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (*People v Oliveras*, 21 NY3d 339, 346 [2013], quoting *Baldi*, 54 NY2d at 147). "Essential to any representation, and to the attorney's consideration of the best course of action on behalf of the client, is the attorney's investigation of the law, the facts, and the issues that are relevant to the case" (*id.* at 346, citing *Strickland v Washington*, 466 US 668, 690-691 [1984]). Under the United States Constitution, a party must "demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defendant" (*People v Caban*, 5 NY3d 143, 155 [2005]).

Defendant failed to demonstrate that counsel's representation was ineffective. "[C]ounsel logically attempted to disprove an element of the charged crime"—the element of consent—"a standard defense tactic" (*People v Benevento*, 81 NY2d 708, 714 [1981], citing *People v Ellis*, 81 NY2d 854 [1993], *and People v Lane*, 60 NY2d 748, 750 [1983]). Counsel's decision to waive the suppression hearing pursuant to *People v Huntley* (15 NY2d 72 [1965]) and allow defendant's statements into evidence was in accord with a reasonable defense strategy of showing that defendant had consistently maintained that the acts in question were consensual. Counsel's strategy also attempted to take the sting out of defendant's statements and avoided the use of them as impeachment material, which could have cast doubt on defendant's credibility. Contrary to defendant's argument that trial counsel was required to consult with or call expert witnesses, counsel undertook a reasonable strategic choice to focus the jury on the chosen defense, counsel was well-

equipped to execute the defense strategy, and counsel in fact obtained key concessions from the People's experts on cross-examination (*see Oliveras*, 21 NY3d at 346).

Defendant's remaining contentions are without merit.

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Garcia, Singas and Cannataro concur. Judge Wilson dissents and votes to reverse and order a new trial, for reasons stated in that portion of the dissenting opinion of Justice John P. Colangelo at the Appellate Division as concluded that trial counsel's failures to consult or call expert witnesses deprived Mr. Sposito of meaningful representation (193 AD3d 1236, 1243-1246 [2021] [Colangelo, J. dissenting]).

Decided January 6, 2022