People v Francis (2023 NY Slip Op 03292)

People v Francis

2023 NY Slip Op 03292

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Ind No. 178/21 178/21 Appeal No. 479 Case No. 2022-02198 

[*1]The People of the State of New York, Respondent,
v
Dominique Francis, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Robert Hunter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Karl Z. Deuble of counsel), for respondent.

Judgment, Supreme Court, New York County (Neil E. Ross, J. at hearing and plea; Miriam R. Best, J. at sentencing), rendered May 19, 2022, convicting defendant, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to 3½ years, and otherwise affirmed.
Defendant did not preserve any of his arguments for suppression of a pistol, and we decline to review them in the interest of justice. Defendant made only a general motion to suppress physical evidence, which he abandoned in any event at the suppression hearing, where he only requested suppression of statements on voluntariness grounds, without raising any Fourth Amendment issue. Although the hearing court nevertheless made general findings on the legality of the recovery of the pistol, it did not expressly decide the particular issues raised on appeal (see People v Jackson, 29 NY3d 18, 23-24 [2017]; People v Miranda, 27 NY3d 931, 932 [2016]). As an alternative holding, we find no basis for suppression. In the course of a lawful request for information not rising to the level of a seizure, defendant walked toward the officers, revealing the grip of a pistol protruding from his pocket in open view, and when told to stop, he took out the pistol, which he dropped when the officers drew their weapons. The officers' observation and recovery of the pistol was not the result of any unlawful police actions.
Defendant also failed to preserve his claim that his sentence violated the Second Amendment in that the Penal Law requires a greater penalty for unlicensed possession of a firearm outside the home than it does for such possession in the home. Although defendant relies on the exception to the preservation requirement relating to sentences that are illegal on the face of the record, he is actually challenging the constitutionality of the statute, which is a claim requiring preservation (People v Adames, AD3d, 2023 NY Slip Op 02623 [1st Dept 2023]). We decline to review this claim in the interest of justice. As an alternative holding, we find nothing in the Second Amendment or in New York State Rifle & Pistol Assn., Inc. v Bruen (__ US __, 142 S Ct 2111 [2022]) that requires a state to impose similar penalties for unlawful possession of a firearm whether committed outside or inside a defendant's home.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023