People v Campbell (2024 NY Slip Op 5649)

People v Campbell

2024 NY Slip Op 5649

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind No. 2308/08 Appeal No. 3050 Case No. 2020-02115 

[*1]The People of the State of New York, Respondent,
v
Ross Campbell, Defendant-Appellant.

Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Order, Supreme Court, Bronx County (Judith Lieb, J.), entered on or about June 9, 2022, which denied defendant's CPL 440.10 motion to vacate his November 23, 2010 conviction for sex trafficking, promoting prostitution in the second degree, rape in the first degree, criminal sexual act in the first degree, and kidnapping in the second degree, and sentencing him to an aggregate term of 25 years, unanimously affirmed.
The court in a comprehensive and well-reasoned decision, properly concluded that defendant received effective assistance of counsel under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-14 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Defendant failed to show that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived him of a fair trial or affected the outcome of the case.
Defendant failed to establish that counsel lacked a strategic basis for not seeking to exclude a particular prospective juror, despite the fact that the juror mentioned being the victim of sexual assault (see People v Thompson, 21 NY3d 555, 560 [2013]). Contrary to his contention, the record also does not establish that the juror displayed actual bias (see generally People v Maffei, 35 NY3d 264, 270 [2020]).
The hearing record also demonstrates that counsel had a reasonable and legitimate strategic basis for his decision to use only certain letters written by or to a codefendant, in order to impeach the People's witnesses (see People v Wragg, 26 NY3d 403, 412 [2015]; People v Pennington, 27 AD3d 269, 270 [1st Dept 2006], lv denied 6 NY3d 897 [2006]). The court correctly concluded that even if counsel's decision to have one of these letters admitted was a poor judgment call, there was no reasonable probability that the outcome of the trial would have been different, or that counsel's use of the letter rendered his performance ineffective.
At the hearing, defendant also failed to establish that counsel's failure to move to strike certain identification testimony was not a strategic decision (see People v Davis, 182 AD2d 538, 539 [1st Dept 1992], lv denied 80 NY2d 902 [1992]). In any event, identity was not a fundamental issue in dispute in this case (see People v Campbell, 131 AD3d 882, 882 [1st Dept 2015], affd 30 NY3d 941 [2017]), and we find no reasonable probability that the outcome of the trial would have been different had counsel moved to strike, or that counsel's failure to do so rendered the performance ineffective.
Defendant also failed to establish that counsel was ineffective concerning the handling of plea negotiations. The court credited counsel's testimony that he informed defendant of the People's plea offer, but that defendant rejected it (see People v Fernandez, 5 NY3d 813, 814 [2005]). We find no basis to disturb the court's credibility determinations. In any event, counsel's testimony was sufficient [*2]to establish that defendant would not have accepted the offer, and defendant's own testimony failed to establish that he would have accepted the proposed plea prior to trial (id.).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024