People v Vega (2025 NY Slip Op 03289)

People v Vega

2025 NY Slip Op 03289

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Ind. No. 2638/00|Appeal No. 4494|Case No. 2022-03637|

[*1]The People of the State of New York, Respondent,
v
Manuel Vega, Defendant-Appellant.

Justin C. Bonus, Forest Hills, for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Order, Supreme Court, Bronx County (Margaret L. Clancy, J.), entered on or about July 18, 2022, which denied defendant's motion pursuant to CPL 440.30(1-a) for DNA testing, unanimously affirmed.
The court providently denied defendant's motion for retesting of the remaining fingernail scrapings from the victim, and DNA testing items from the sexual assault kit and items from the crime scene.
The statute does not provide for retesting DNA material. Thus, even though touch-type DNA testing did not exist when the items were tested before trial in 2001, the court properly denied so much of the motion that seeks to retest items already subjected to DNA testing before trial (see People v Espino, 179 AD3d 491, 491 [1st Dept 2020], lv denied 35 NY3d 941 [2020]; People v Dorcinvil, 175 AD3d 1421, 1422 [2d Dept 2019], lv denied 34 NY3d 1077 [2019]). In any event, the highly speculative theory offered by the defense expert that testing or retesting might support a third-party culpability defense does not provide a basis for DNA testing (see People v Concepcion, 104 AD3d 442, 443 [1st Dept 2013], lv denied 21 NY3d 1003 [2013]; People v Figueroa, 36 AD3d 458, 459 [1st Dept 2007], lv denied 9 NY3d 843 [2007]). Here, defendant presented insufficient evidence that probative DNA could potentially be detected on other items. The only evidence offered was three random alleles from a single fingernail scraping from the initial round of testing in 2001, which was contaminated and therefore insufficient to generate a DNA profile.
The testing of other fingernail scrapings in 2017, utilizing a more advanced testing technique, showed DNA from only one contributor, consistent with the victim's DNA profile, further undermining defendant's third-party culpability defense.
Defendant failed to demonstrate that there was no reasonable probability that, if a DNA test had been conducted on such evidence and the results had been admitted at the trial, the verdict would have been more favorable to the defendant (see People v Sposito, 30 NY3d 1110, 1111 [2018]). Given the other relevant facts of this case, any additional testing would, at most, show that someone other than defendant or the victim, was present in the apartment at an unknown time prior to the murder (see Concepcion, 104 AD3d at 443).
THIS CONSTITUTES THE DECISION AND ORDEROF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025