■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN SMITH, Appellant. [26 NYS3d 521]—

Judgment, Supreme Court, New York County (Renee A. White, J., at suppression hearing; Laura A. Ward, J., at plea and sentencing), rendered August 27, 2012, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of six months, concurrent with five years' probation, unanimously affirmed.

Initially, we find that the record does not establish a valid waiver of defendant's right to appeal. However, we find that the court properly denied defendant's suppression motion.

Defendant asserts that the officers' initial contact with defendant constituted at least a common-law inquiry, and that it was not supported by the requisite founded suspicion of criminality. Defendant's general arguments on probable cause failed to preserve this issue (*see People v Tutt*, 38 NY2d 1011 [1976]), and the court did not "expressly decide[ ]" (CPL 470.05 [2]) it (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). We decline to review this claim in the interest of justice.

As an alternative holding, we reject it on the merits. Defendant was smoking what appeared to an officer, based on his experience and training, to be a cigar that had been modified for the purpose of smoking marijuana. This provided, at a minimum, a founded suspicion of criminality justifying a common-law inquiry (*see People v Brown*, 308 AD2d 398 [1st Dept 2003], *lv denied* 1 NY3d 595 [2004]), even though, from his vantage point, the officer could not determine with certainty whether defendant was smoking marijuana or an ordinary

cigar. After defendant dropped the "blunt," which the officer confirmed to be marijuana by its odor, the police had probable cause for defendant's arrest.

Regardless of whether defendant's behavior at the precinct satisfied the required predicate for a strip search (*see People v Hall*, 10 NY3d 303, 310-311 [2008], *cert denied* 555 US 938 [2008]), the cocaine recovered from defendant was not the product of such a search. When the police found drugs in defendant's shoe, this was still within the scope of an ordinary search incident to arrest (*see People v Vega*, 56 AD3d 578, 580 [2d Dept 2008], *lv denied* 12 NY3d 763 [2009]), which had not yet progressed to a strip search. Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.