(December 22, 2016)

■ The People of the State of New York, Respondent, v Anthony Estevez, Appellant. [42 NYS3d 799]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered January 20, 2015, convicting defendant, after a jury trial, of assault in the second degree and five counts of criminal possession of a forged instrument in the second degree, and sentencing him to an aggregate term of six months, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The arresting officer, who had substantial experience in recognizing ticket scalping (*see generally People v Valentine*, 17 NY2d 128, 132 [1966]), observed defendant, whom he recognized as matching the description of a person who had been recently selling forged tickets, and who was known to the police as a scalper, standing near the Madison Square Garden box office, pacing back and forth. The officer saw defendant accost a couple approaching the box office, and heard defendant ask the couple about two tickets. These factors, viewed as a whole, provided probable cause to arrest defendant for violating sections 25.11 and 25.35 of the Arts and Cultural Affairs Law, which prohibit all ticket resale transactions at such locations (*see People v Lewis*, 50 AD3d 595 [1st Dept 2008], *lv denied* 11 NY3d 790 [2008]).

The subsequent strip search conducted in a cell at the precinct was unnecessary. However, the search had not yet progressed to a strip search when the police recovered tickets from defendant's sleeve and cash from his sock, locations that were still within the scope of an ordinary search incident to arrest (*see People v Smith*, 137 AD3d 442, 443 [1st Dept 2016], *lv denied* 27 NY3d 1139 [2016]).

We reject defendant's challenges to the sufficiency and weight of the evidence supporting the assault conviction (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for

disturbing the jury's credibility determinations. The People established that the injured officer was performing a lawful duty (*see* Penal Law § 120.05 [3]) by way of evidence that was similar to the above-discussed suppression hearing evidence. The element of physical injury was established by evidence that, as a result of being repeatedly punched and kicked by defendant, the officer suffered swelling and bruising on his cheek, rib cage and hand requiring the use of ice for several days, and that the pain and soreness lasted a week (*see People v Chiddick*, 8 NY3d 445, 447 [2007]).

Defendant's challenge to the court's charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Tom, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.