People v Anderson (2019 NY Slip Op 04650)





People v Anderson


2019 NY Slip Op 04650


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


5606/13 9584A 4373/16 9584

[*1] The People of the State of New York, Respondent,
v
Taquan Anderson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J. at plea; Michael J. Obus, J. at sentencing), rendered February 16, 2017, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 2½ years, unanimously affirmed. Judgment, same court (Michael J. Obus, J.), rendered February 16, 2017, as amended March 1, 2017, convicting defendant, upon his plea of guilty, of possessing a sexual performance by a child, and sentencing him, as a second felony offender, to a concurrent term of 1½ to 3 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The only issue raised by defendant on appeal is whether the People sufficiently established that the search of his pant leg
at the police precinct was incident to his arrest, rather than an unauthorized strip search. However, defendant did not raise this issue at the hearing, and the court "did not expressly decide, in response to protest, the issues now raised on appeal" (People v Miranda, 27 NY3d 931, 932 [2016]), notwithstanding its "mere reference" (id. at 933) to a search incident to a lawful arrest. Furthermore, by failing "to raise a particular legal argument before the court of first instance, [defendant] effectively deprive[d] the People of a fair opportunity to present their proof on that issue" (People v Martin, 50 NY2d 1029, 1031 [1980]). We decline to review this unpreserved issue in the interest of justice. As an alternative holding, we find that to the extent it permits review, the record supports a reasonable inference that the search of defendant's pant leg was an ordinary search incident to a valid arrest and not a strip search (see People v Estevez, 145 AD3d 578 [1st Dept 2016], lv denied 29 NY3d 1078 [2017]).
Defendant's ineffective assistance of counsel claim relating to the lack of preservation is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
In light of the foregoing, there is no basis for vacating defendant's guilty plea to possessing a sexual performance by a child.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK