People v Hines (2025 NY Slip Op 02552)

People v Hines

2025 NY Slip Op 02552

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Ind. No. 5003/16|Appeal No. 4223|Case No. 2019-2350|

[*1]The People of the State of New York, Respondent,
v
Arthur Hines, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Samuel Claflin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Caroline S. Williamson of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; Patricia M. Nunez, J., at diversion hearing; Curtis J. Farber, J., at plea and sentencing), rendered January 29, 2019, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a three-year term of probation, unanimously affirmed.
We find that, under the "totality of the circumstances," defendant's waiver of his right to appeal was valid (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). "While the court did not enumerate the claims that survived the waiver of appeal during its colloquy, the written waiver listed them, and the court confirmed that defendant reviewed the waiver with counsel and understood it" (People v Holmes, 235 AD3d 435 [1st Dept 2025]). Defendant's "extensive experience with the criminal justice system" further supports the validity of the waiver (People v Sanders, 25 NY3d 337, 342 [2015]; see also Holmes, at 435-436). The valid waiver of the right to appeal forecloses review of defendant's suppression and judicial diversion claims.
Regardless of the validity of the waiver, we find that the hearing court properly denied defendant's suppression motion. Here, "the credible evidence" established that the officer had probable cause to arrest defendant (People v Cruz, 159 AD3d 403, 404 [1st Dept 2018], lv denied 31 NY3d 1080 [2018]). The officer had specialized training in the identification of the appearance and odor of marijuana, and "testified to the court's satisfaction that, in h[er] opinion and experience, the manner in which defendant was handling the cigarette indicated that it was a marijuana cigarette" (People v Ramos, 122 AD3d 462, 465 [1st Dept 2014]), and she smelled the odor of marijuana. This "gave rise to reasonable suspicion of criminal activity justifying a [forcible] stop" (Ramos, 122 AD3d at 465, citing People v De Bour, 40 NY2d 210, 223 [1976] [internal brackets and quotation marks omitted]). As the officer approached defendant, she continued to smell the odor of marijuana and observed a still-burning marijuana cigarette about one foot from defendant's feet, which, was sufficient to provide "the police [with] probable cause for defendant's arrest" (People v Smith, 137 AD3d 442, 443 [1st Dept 2016], lv denied 27 NY3d 1139 [2016]).
Contrary to defendant's arguments, the officer's testimony was not incredible as a matter of law, and there is no basis to disturb the court's credibility determination, which is entitled to "great deference" (People v Wheeler, 2 NY3d 370, 374 [2004]).
We also find that the "[e]vidence properly credited by the court established a properly conducted inventory search of defendant's backpack, and that the primary objectives of the search were to preserve the property and to protect police from a claim of lost property" (People v Williams, 195 AD3d 506, 506 [1st Dept 2021], lv denied [*2]37 NY3d 995 [2021] [internal punctuation and citation omitted]; People v Echevarria, 173 AD3d 638, 639 [1st Dept 2019], lv denied 34 NY3d 930 [2019]).
Defendant's remaining challenges to the inventory search, including his challenge to the constitutionality of the NYPD Patrol Guidelines procedure the officers followed in conducting the search of his backpack, are unpreserved, and we decline to reach them in the interest of justice. As an alternative holding, we reject defendant's arguments on the merits.
Finally, we find that the court providently exercised its discretion in denying defendant's application for judicial diversion, and the record supports the hearing court's findings regarding the factors in CPL 216.05(3)(b) (see People v Rosario, 193 AD3d 659 [1st Dept 2021], lv denied 37 NY3d 974 [2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025