People v Ferguson (2025 NY Slip Op 05644)

People v Ferguson

2025 NY Slip Op 05644

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Ind. No. 2740/15|Appeal No. 4926|Case No. 2017-1547|

[*1]The People of the State of New York, Respondent,
v
Kenneth Ferguson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Dina Zloczower of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene Goldberg, J., at suppression hearing; Thomas Farber, J., at plea and sentencing), rendered July 5, 2016, as amended September 14, 2016, convicting defendant of eight counts of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.
The court properly denied defendant's suppression motion, concluding that the People established at the hearing that the testifying officer had probable cause to arrest defendant (see People v DeFalco, 80 NY2d 693, 696 [1993]). We find no basis to disturb the court's credibility determinations. In addition to information provided to the arresting officer from the victim, the arresting officer, who had training and substantial experience in handling and recognizing forged or fake tickets (see generally People v Estevez, 145 AD3d 578, 578 [1st Dept 2016], lv denied 29 NY3d 1078 [2017]), observed the tickets sold to the victim and concluded that they were likely fake, and organized a second buy from defendant wherein the officer obtained additional tickets which appeared to be fake based on his own review.
Furthermore, the arrest followed the complainant's spontaneous identification of defendant as the individual from whom he purchased the subject concert tickets, which he unsuccessfully attempted to use at the concert venue.
Since we find that these factors, provided probable cause to arrest defendant, we do not reach defendant's claim that a security guard's statement to the victim was insufficient to establish probable cause. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025